Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

copy for psdate

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 30 2006

at ____ o'clock and 50 min. _P_M
SUE BEITIA, CLERK

# United States District Court

for the

## DISTRICT OF HAWAII

U.S.A. vs. RONALD L. WARDEN, JR.                    Docket No. CR 05-00314-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Probation)

COMES NOW ALYSA K. MAKAHANALOA, PROBATION OFFICER ASSISTANT OF THE COURT, presenting an official report upon the conduct and attitude of RONALD L. WARDEN, JR., who was placed on supervision by the Honorable Theresa Caroll Buchanan sitting in the Court at Alexandria, Virginia, on the 4th day of January 2005, who fixed the period of supervision at eighteen (18) months and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  The defendant shall undergo drug testing/treatment and pay the costs at the direction of the Probation Officer.

2.  The defendant shall pay a fine of $500, due and payable during the probation period as directed.

3.  The defendant shall pay restitution of $4,320, which is due and payable in the amount of $200 per month to begin February 1, 2005.

Petition filed: On 2/9/2005, a petition for revocation was filed in the Eastern District of Virginia, based on the following violation: 1) On 1/14/2005, the subject submitted a urine specimen that tested positive for marijuana, in violation of Standard Condition No. 7. The petition for revocation was subsequently dismissed and the subject was continued on supervised probation.

Transfer of Jurisdiction: On 7/28/2005, jurisdiction of the subject's case was transferred to the District of Hawaii. On 11/30/2005, the Court modified the mandatory drug testing condition in light of U.S. vs. Stephens to allow continued random drug testing. The General Condition was amended to the following:

Modified Sentence: On 11/30/2005, the Court modified the mandatory drug testing condition in light of U.S. vs. Stephens to allow continued random drug testing. The General Condition was amended to the following:

That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of

Prob 12C
(Rev. 1/06 D/HI)

2

supervision and no more than 8 valid drug tests per month for the duration of the supervision term (mandatory condition). The Court modified the subject's probation conditions as a sanction for his noncompliance with respect to his lack of employment. The following special condition was added:

Additionally on 11/30/2005, the Court modified the subject's probation conditions as a sanction for his noncompliance. The following special condition was added:

4. That the defendant perform 50 hours of community service as directed by the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Probation

That the subject has violated the conditions of his probation (Probation Form 7A attached) as follows:

1. From June 2005 through June 2006, the subject failed to work regularly at a lawful occupation, in violation of Standard Condition No. 5.

2. The subject failed to report to the Probation Officer Assistant on 3/1/2006, in violation of Standard Condition No. 2.

3. The subject failed to submit a truthful and complete written report within the first five days of each month for the months of July 2005, September 2005, February 2006, and March 2006, in violation of Standard Condition No. 2.

4. The subject refused to comply with drug testing on 12/27/2005, 1/11/2006, and 2/1/2006, in violation of Special Condition No. 1.

5. The subject failed to complete 50 hours of community service, in violation of Special Condition No. 4.

6. The subject failed to follow the instructions of the Probation Officer Assistant on 12/16/2005 and 5/23/2006, in violation of Standard Condition No 3.

Based on the above, the U.S. Probation Officer Assistant recommends that a Summons be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

3

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] No Action

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 6/29/2006

*(signature)*
ALYSA K. MAKAHANALOA
U.S. Probation Officer Assistant

Approved by:

*(signature)*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

---

### ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 29th day of June, 2006, and ordered filed and made a part of the records in the above case.

*(signature)*
BARRY M. KURREN
U.S. Magistrate Judge

Re:   **WARDEN, JR., Ronald Lee**
      **Criminal No. CR 05-00314-01**
      **REVOCATION OF PROBATION**

## STATEMENT OF FACTS

The subject pled guilty to an offense described in 18 U.S.C. § 641 - Theft of Government Money, in the U.S. District Court for the Eastern District of Virginia. On 1/4/2005, the subject was sentenced to ten (10) days jail and eighteen (18) months probation. On 2/14/2005, a petition for revocation of supervision was filed in the Eastern District of Virginia after the subject submitted a urine specimen that tested positive for marijuana. The petition was subsequently dismissed and the subject remained on supervision. He later relocated to Honolulu, Hawaii.

On 6/24/2005, the subject reported to the Probation Office in the District of Hawaii and was processed for supervision. At that time, the terms and conditions of supervision were read, reviewed, and explained by this officer.

On 7/28/2005, jurisdiction of the subject's case was transferred to the District of Hawaii.

**Violation Nos. 1 and 2: The Subject Failed to Work Regularly at a Lawful Occupation; and The Subject Failed to Report to the Probation Officer Assistant:**

At the time the subject was processed by the undersigned on 6/24/2005, he reported that he was unemployed but working with a placement agency to find work. The subject was advised that day that he needed to immediately secure gainful employment.

On 7/23/2005, the subject signed an employment contract provided by the undersigned agreeing to make a minimum of four (4) employment contacts each business day and to keep a log that would document his efforts. The contract gave the subject a deadline of 9/16/2005 to have employment. If the subject failed to meet the deadline, the contract advised the subject that our office may request the Court impose community service.

On 8/1/2005, the subject reported for an office visit with Supervising U.S. Probation Officer (SUSPO) Timothy M. Jenkins. The subject had yet to secure employment. When questioned, the subject indicated that he planned to begin helping with his mother's online book business. He further stated that he was also looking for additional employment. However, when asked what he planned to do for his mother, the subject could provide very little detail. Also when discussing his employment search, the subject could not provide the names of any places that he had applied for work. The subject was informed that if he claims employment through his mother's business, then he would have to provide documentation to our office regarding the number of hours he was working, his job duties, how he would be paid, and verification that he was reporting his income for tax purposes. Additionally, the subject was instructed to make five (5) employment contacts each business day until he had secured at least part time employment.

Re:   **WARDEN, JR., Ronald Lee**
**Criminal No. CR 05-00314-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

Immediately following the office visit, SUSPO Jenkins spoke with the subject's mother. She verified that the subject planned to help her with her online book business. She was going to train the subject to be a web master. She stated that although business was currently sporadic, she expected that the subject would be able to work approximately forty (40) hours per week in the coming months. With that said, she further stated that she expected the subject to find additional employment so that he would not be financially reliant on her business.

On 9/6/2005, the subject reported to the probation office. At this meeting, the subject was questioned by the undersigned about his employment search. The subject claimed to have gone on several job interviews but with no offers of employment. Additionally, the subject stated that he was still helping his mother set-up her online book business. He explained that his mother was serving in the Air Force but selling children's books online as a side business. The subject was reminded that per his standard condition, he was expected to work regularly at a lawful occupation. The subject assured this officer that he would comply with this condition.

On 10/21/2005, the subject reported to the undersigned and was questioned about his continued lack of employment. The deadline set in the employment contract signed by the subject on 7/23/2005 had passed. A review of the subject's job search logs, indicated that he primarily was applying for administrative positions. The subject was advised that he may have set his standards/expectations to high and that he would need to take an entry level job in order to build his work history and experience. The subject was reminded that he had been in Hawaii for approximately four (4) months without employment. The subject was directed to secure employment immediately. He was instructed to return to the probation office on 10/28/2005 to discuss his efforts.

As instructed, the subject reported to the probation office on 10/28/2005. However, the subject could not elaborate on his efforts to find employment. The subject was verbally admonished for his continued noncompliance and informed that he would be sanctioned.

On 10/31/2005, the subject's mother contacted the undersigned. She related that the subject was really making an effort to secure employment. She stated that the subject was not only applying for managerial positions but for any job opportunity, including a position as a janitor. When asked about her son's help with her online book business, she indicated that the subject was working on a daily basis designing a website. The subject's mother agreed to provide the undersigned with evidence and documentation of the number of hours the subject was working.

Re: **WARDEN, JR., Ronald Lee**
**Criminal No. CR 05-00314-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

   To date, the subject, nor his mother, have submitted any documentation to our office regarding work completed for his mother's online book business.

   On 11/15/2006, the subject again reported to the probation office. He had yet to secure employment but stated he had a job interview that day. The subject agreed to the imposition of 50 hours of community service as a sanction for his failure to work regularly. The Court concurred with this sanction and imposed the condition on 11/30/2005.

   On 1/17/2006, the subject reported to the undersigned to discuss his continued unemployment and other violations. The subject related that he obtained a non-paid internship at Lucrative Entertainment. The subject explained that his friend owns the company which hosts club parties and promotes bands/concerts at clubs and trade shows. The subject stated that his friend "was showing him the ropes" of the entertainment business and that he was spending approximately 30 hours a week with the friend. When asked about his daily routine, the subject stated that he wakes up around 9:00 or 10:00 a.m., makes a few job contacts, and then spends his afternoon at either Lucrative Entertainment or hanging out with friends. The subject was advised that his daily routine was unacceptable. The subject was informed that based on his noncompliance (failure to work regularly and other violations outlined in this petition), that a more severe sanction, possibly the initiation of revocation proceedings, would be pursued. The subject requested one (1) week to demonstrate his willingness to comply with the conditions of supervision before any adverse action was requested from the Court. The subject was informed that our office would consider allowing him to continue to invest some time with Lucrative Entertainment if he could provide additional information on the company and it was a potential employment opportunity (the subject failed to provide any subsequent information).

   On 1/24/2006, the subject reported to the undersigned. He stated that he was hired as a limousine driver by "Joey" at Aloha Way Transportation Inc. He further stated that he would start training on or about 2/1/2006 after he obtained a Hawaii State driver's license and driver's abstract. The undersigned requested the subject have his employer contact this officer to discuss his job duties, salary, and work schedule.

   On 1/27/2006 and 2/2/2006, the undersigned left numeric messages for "Joey" at the telephone number provided by the subject. The undersigned did not receive any response from this person.

   On 2/16/2006, the subject reported to the undersigned and was again instructed to have his employer verify his work hours, salary, and duties. The subject was given until the end of that day to follow-up with his employer. He was further instructed to report to the undersigned

Re:   WARDEN, JR., Ronald Lee
      Criminal No. CR 05-00314-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 4

on 3/1/2006. Despite these instructions, the subject failed to provide any verification of his employment or report to the undersigned on 3/1/2006.

On 3/3/2006, the undersigned contacted Aloha Way Transportation Inc. and spoke to the office manager. He reported that the subject was not employed by Aloha Way Transportation Inc. He further stated that they employ a "Joey" but he is not in a position to hire someone.

On 3/7/2006, the subject reported for an office visit with the undersigned. He was questioned about his failure to report on 3/1/2006 and about his employment status. The subject stated that he was in a vehicle accident on 2/26/2006 and was at home recovering. He acknowledged that he could have contacted the undersigned to reschedule his office appointment. With regard to his employment status at Aloha Way Transportation Inc., the subject argued that he was an employee of Aloha Way Transportation Inc. but had not been placed on payroll yet.

The subject was verbally admonished for his continued noncompliance and advised that our office would likely recommend his placement in a Community Corrections Center (CCC) to address his violations. The subject stated that he would not agree to a CCC placement. Subsequent contact with the subject's attorney, Sam King Jr., resulted in an agreement that the subject would immediately obtain employment and abide by the other conditions of supervision.

On 3/20/2006, the subject contacted the undersigned and stated that he was hired as a messenger for JN Automotive Group. On 3/31/2006, the undersigned conducted an unannounced employment contact at JN Automotive Group and confirmed the subject's employment. However, the subject's supervisor indicated that the subject may not be working for them for much longer as the subject's work ethic was not up to their standards. He explained that the subject has been late for work and was conducting cell phone conversations when he was supposed to be focusing on his training. He did state that he was willing to give the subject a chance to improve his performance.

On 4/12/2006, the undersigned contacted the subject's supervisor at JN Automotive. He reported that the subject's improvement at work was very minimal. On 4/24/2006, our office was informed by the subject's supervisor that the subject's employment at JN Automotive was terminated that day. The subject reportedly misplaced a $10,000 check belonging to a JN Automotive customer.

When reporting his termination from JN Automotive, the subject stated that he had already secured different employment as a sales person at Cutter Dodge Chrysler Jeep prior to 4/24/2006. On 4/26/2006, the undersigned contacted the subject's supervisor at Cutter Dodge

Re:  WARDEN, JR., Ronald Lee
    Criminal No. CR 05-00314-01
    REVOCATION OF SUPERVISED RELEASE
    STATEMENT OF FACTS - Page 5

Chrysler Jeep. He verified that the subject was hired on 4/21/2006 as a full-time sales person and was working on a "probationary" status.

On 6/14/2006, the undersigned conducted an unannounced employment contact at Cutter Dodge Chrysler Jeep. The general manager of the Cutter Dodge office stated that the subject's employment was terminated on 6/5/2006. The subject's repeated tardiness and failure to report to the work site were the reasons for the subject's termination. To date, the subject has failed to notify the undersigned of his termination from Cutter Dodge Chrysler Jeep.

### Violation No. 3: The Subject Failed to Submit a Truthful and Complete Written Report Within the First Five Days of Each Month:

On 9/6/2005, the subject reported to the undersigned. He was informed of his failure to submit a monthly supervision report for the month of July 2005. The subject subsequently completed and submitted the missing monthly supervision report. He was verbally reprimanded and reminded that a monthly supervision report is due by the fifth day of each month.

On 10/28/2005, the subject reported to Senior U.S. Probation Officer Malia Eversole, and was again informed of his failure to submit a monthly supervision report for September 2005. The subject subsequently completed and submitted the missing supervision report. He was again, verbally reprimanded and reminded that a monthly supervision report is due by the fifth day of each month.

On 3/15/2006, the undersigned sent a delinquency notice to the subject's residence indicating that he failed to submit his monthly supervision report for the month of February 2006. The subject subsequently submitted the completed monthly supervision report on 3/20/2006.

On 4/24/2006, the undersigned sent another delinquency notice to the subject's residence indicating that he failed to submit his monthly supervision report for the month of March 2006. The subject subsequently submitted an incomplete monthly supervision report. On 4/28/2006, the subject's monthly supervision report was returned to the subject's residence with written instructions to complete the missing information on the report and send it back to the undersigned. The subject subsequently returned the completed monthly supervision report on 5/4/2006.

### Violation No. 4: The Subject Refused to Comply with Drug Testing:

Prior to his relocation to Hawaii, the subject completed the counseling portion of his substance abuse treatment in the Eastern District of Virginia. As a result he was enrolled in

Re:   **WARDEN, JR., Ronald Lee**
      **Criminal No. CR 05-00314-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 6**

drug testing at Drug Addiction Services Hawaii (DASH) on 6/27/2005. He was required to call a telephone message recorder daily to obtain instructions for submitting a urine specimen. On 7/20/2005 and 7/25/2005, the subject refused to submit to drug testing. When questioned, the subject stated that he forgot to call for testing instructions for those days.

On 8/1/2005, the subject reported for an office visit with SUSPO Jenkins. The subject was admonished for his missed drug tests. The subject was warned that future missed drug tests would not be tolerated and would result in adverse action.

On 10/1/2005, the subject's drug testing was transferred to Freedom Recovery Services (FRS). The subject was oriented to the drug testing conditions and instructed to call a telephone message recorder daily to obtain instructions for submitting a urine specimen.

On 10/16/2005, the subject refused to submit to drug testing at FRS. On 10/21/2005, he reported to the undersigned. When questioned about the missed test, the subject stated that he did not know he would have to submit drug tests on the weekends. The subject was verbally reprimanded and was reminded that he was oriented to the rules and expectations for drug testing at FRS.

In light of the ruling in United States v. Stephens (9th Cir., 2005), we did not charge the subject with the above refusals to report for drug testing. The subject had been strictly enrolled in drug testing and not drug testing as part of a substance abuse treatment program. However, on 11/30/2005, the Court modified the mandatory drug testing condition (General Condition) to authorize and allow random drug testing to continue. The Court authorized our office to take up to 8 valid drug tests from the subject each month.

The subject was continued in the random drug testing program at FRS with 4 being the maximum number of drug tests that would be collected. On 12/27/2005, the subject refused to submit to drug testing at FRS. When confronted with the missed test, the subject stated that he already submitted a urine specimen on 12/26/2005. The subject was verbally reprimanded and was reminded that he must call the FRS recorder for instructions daily because drug tests may be scheduled two days in a row.

On 1/11/2006, the subject refused to submit to drug testing at FRS. On 1/17/2006, he reported to the undersigned. When confronted with the missed drug test, the subject adamantly denied missing a drug test on 1/11/2006.

On 2/1/2006, the subject refused to submit to drug testing at FRS. On 2/2/2006, the undersigned contacted the subject and confronted him with the missed drug test. The subject adamantly denied missing his drug test and stated that he submitted his drug test as instructed

Re:    WARDEN, JR., Ronald Lee
       Criminal No. CR 05-00314-01
       REVOCATION OF SUPERVISED RELEASE
       STATEMENT OF FACTS - Page 7

by the FRS recorded instructions. On 2/3/2006, the subject was again contacted and questioned about the missed drug test on 2/1/2006. The subject subsequently admitted to forgetting to call FRS for drug testing instructions and to missing the drug test on that day.

Given that the subject was oriented to the drug testing program, and submitted to drug testing at FRS on various occasions, his failure to submit to drug testing on the above-referenced dates constitutes a refusal to comply with drug testing.

**<u>Violation Nos. 5 and 6: The Subject Failed to Complete 50 Hours of Community Service; and The Subject Failed to Follow the Instructions of the Probation Officer Assistant</u>:**

Following the imposition of 50 hours of community service, the subject was instructed to report to the Adult/Juvenile Community Service and Restitution Unit (A/JCSRU) with the State of Hawaii for a community service referral. On 12/16/2005, the subject reported to the probation office and indicated that he had yet to contact A/JCSRU. The subject agreed to contact A/JCSRU on 12/19/2005 to set-up an appointment.

On 1/17/2006, our office was advised by A/JCSRU that despite our referral, the subject had not contacted them to arrange for a screening/placement interview. A/JCSRU sent a suspension notice to the subject with instructions to contact a case worker by 1/24/2006. On 1/17/2006, the subject reported to the probation office. The subject was admonished for failing to follow this officer's instructions. The subject subsequently contacted A/JCSRU and scheduled an appointment with a case worker for 2/1/2006.

On 2/1/2006, the subject contacted his case worker informing her that he would not be able to report for his appointment that day due to his new employment schedule. The subject was instructed to report to A/JCSRU on 2/16/2006.

On 2/15/2006, the subject contacted his case worker and requested to reschedule his appointment. He was instructed to report to A/JCSRU on 3/1/2006. The subject failed to report to his case worker on 3/1/2006. On 3/2/2006, A/JCSRU sent a suspension notice to the subject instructing him to contact his case worker by 3/9/2006.

On 3/7/2006, the subject contacted his case worker and reported that he was in a car accident on 2/26/2006 and was unable to report for his screening/placement interview on 3/1/2006. The subject was instructed to report to A/JCSRU on 3/17/2006.

On 3/17/2006, the subject failed to report for his interview at A/JCSRU. When questioned by his case worker about the missed appointment, the subject stated that he

Re:  **WARDEN, JR., Ronald Lee**
**Criminal No. CR 05-00314-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 8**

thought his appointment was scheduled for 1:00 p.m. instead of 11:00 a.m. The subject was instructed to report to A/JCSRU on 3/30/2006.

On 3/30/2006, the subject reported to the A/JCSRU for his intake/placement interview. He was referred to the Honolulu Zoo to complete his community service hours. He was further instructed by the A/JCSRU case worker to complete his community service no later than 5/31/2006.

On 5/23/2006, the subject reported to the undersigned and was questioned about his completion of community service. The subject reported that he had only completed approximately 4 hours. The subject was instructed to report to his community service work site during all of his days off from employment and during any free time he may have. He was given no later than 6/26/2006 to complete the remaining 46 hours of community service.

On 6/7/2006, A/JCSRU was contacted by the undersigned and it was established with the subject's case worker that the subject had only reported to the Honolulu Zoo on 4/8/2006 and was credited for eight (8) hours of community service. The subject subsequently failed to return to the work site. The subject has since been unsuccessfully discharged from the A/JCSRU program. The subject has a community service balance of 42 hours.

Re:   **WARDEN, JR., Ronald Lee**
       **Criminal No. CR 05-00314-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 9**

The subject's failure to abide by the most basic conditions of his probation, including following the instructions of the probation officer assistant, his failure to work regularly at a lawful occupation, failure to report to the probation officer assistant, failure to complete 50 hours of community service, failure to submit a monthly supervision report within the first five days of each month, and refusal to comply with drug testing, demonstrates the subject's dismissive attitude toward the conditions imposed by the Court. Accordingly, we request the issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

Respectfully submitted by,

_____
ALYSA K. MAKAHANALOA
U.S. Probation Officer Assistant

Approved by:

_____
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

AKM/dck

Re: WARDEN, JR., Ronald Lee
Criminal No. CR 05-00314-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 10

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00, D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

FOR THE

## DISTRICT OF HAWAII

To:      RONALD L. WARDEN, JR.                    Docket No. 1:04M00884-001
Address: 91-1029 Kaihi Street
         Ewa Beach, Hawaii 96706

      Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Theresa Carroll Buchanan, U.S. Magistrate Judge for the Eastern District of Virginia. The defendant's term of supervision is for a period of 18 months commencing upon release from confinement.

      While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

      If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

      The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

      **For offenses committed on or after September 13, 1994:**

      The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

    (1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

    (2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

    (3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(1) The defendant shall undergo drug testing/treatment and pay the costs at the direction of the probation officer.*
*(2) The defendant shall pay a fine of $500.00.*
*(3) The defendant shall pay restitution in the amount of $4,320.00 to the Army and Air Force Exchange Service, 204 Lee Avenue, Building 313, Fort Myer, VA 22211. Payments are to be made to Clerk, U.S. District Court. Restitution is due and payable in the amount of $200.00 per month to begin February 1, 2005.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     6-24-05
RONALD L. WARDEN, JR., Defendant            Date

_____              6/24/05
ALYSA K. MAKAHANALOA                        Date
U.S. Probation Officer Assistant